| | |
|---|---|
| BOULDER COUNTY DISTRICT COURT<br>Boulder Justice Center<br>1777 6th Street<br>Boulder, Colorado 80302<br>(303) 441-3750 | DATE FILED: February 26, 2014 9:37 AM<br>FILING ID: BD7ABA2B6D34D<br>CASE NUMBER: 2014CV30233 |
| **Plaintiff:** PAROS PROPERTIES LLC, a Colorado limited liability company<br><br>v.<br><br>**Defendant:** COLORADO CASUALTY INSURANCE COMPANY, a New Hampshire corporation | ▲COURT USE ONLY▲ |
| George V. Berg, Jr., Atty. Reg. # 22556<br>Kathleen T. Alt, Atty. Reg. # 33189<br>Justin C. Berg, Atty. Reg. # 35296<br>BERG HILL GREENLEAF & RUSCITTI LLP<br>1712 Pearl Street<br>Boulder, CO  80302<br>Tel:    (303) 402-1600<br>Fax:   (303) 402-1601<br>gvb@bhgrlaw.com<br>kta@bhgrlaw.com<br>jcb@bhgrlaw.com | Case Number:<br><br>Div.:             Ctrm.: |
| **COMPLAINT AND JURY DEMAND** | |

Plaintiff Paros Properties LLC ("Plaintiff"), through its undersigned counsel, Berg Hill Greenleaf & Ruscitti LLP, hereby respectfully submits the following Complaint and Jury Demand, and states as follows:

## I.     INTRODUCTION

1. This is a bad faith case against an insurance company – Defendant Colorado Casualty Insurance Company ("Defendant") – that wrongfully denied coverage for property damage caused during the rainstorm events and resultant earth destabilization that occurred in Boulder County in September 2013.



## II.     PARTIES

2. Plaintiff Paros Properties LLC (again, "Plaintiff") is a Colorado limited liability company with an office located at 100 Arapahoe Avenue, Building 1, Boulder, Colorado 80302.

3. Defendant Colorado Casualty Insurance Company (again, "Defendant") is a New Hampshire corporation with a "Home Office and Denver Regional Office" located at 5975 South Quebec Street, Suite 300, Centennial, Colorado 80111, and can be served with process through its registered agent: Division of Insurance, 1560 Broadway, Denver, Colorado 80202.

## III.     JURISDICTION AND VENUE

4. This Court has original jurisdiction over the subject matter of this dispute pursuant to Colorado Constitution Article 6, Section 9.

5. Defendant is subject to personal jurisdiction in this Court pursuant to C.R.S. § 13-1-124.

6. The amount in dispute is more than $15,000.00.

7. Venue is proper in this Court pursuant to C.R.C.P. 98(c) because the events which constitute the basis of this Complaint and Jury Demand took place in Boulder County, and because the property which is the subject of this Complaint and Jury Demand is located in Boulder County.

## IV.     GENERAL ALLEGATIONS

8. Plaintiff is the current owner of certain real property located in Boulder County, Colorado, more particularly described as 100 Arapahoe Avenue, Lot 1, Boulder, Colorado 80302, including the buildings and all improvements located thereon (the "Property").

9. Defendant issued a Commercial Property Building and Personal Property Coverage policy of insurance to Plaintiff covering the Property – Policy No. BKS553981151 (the "Policy").

10. Plaintiff is the named insured on the Policy.

11. The Policy was in effect during the time period set forth below.

12. On or about September 12, 2013, water from falling rain was diverted by certain man-made diversions toward the Property and the area upslope from and adjacent to the Property.

13. The subject water was diverted by man-made diversions from its regular flow and prevented by man-made diversions from natural percolation and drainage.

14. According to applicable law, water from falling rain that is diverted by man-made diversions from its regular flow and prevented by man-made diversions from natural percolation and drainage loses its character as "flood" and/or "surface water" and thus does not fit within the general "water" exclusion contained in the Policy.

15. The subject water gathered large debris and/or destabilized and dislodged large debris, including but not limited to large boulders, as it was being diverted by certain man-made diversions toward the Property and/or the area upslope from and adjacent to the Property.

16. As the subject water and/or large debris approached the Property and/or the area upslope from and adjacent to the Property, it gained tremendous energy and force.

17. The subject water and/or large debris ultimately hit the building on the Property with such energy and force that it caused the sudden and violent breaking apart of the building on the Property with a loud noise upon impact.

18. According to the dictionary and applicable law, water from falling rain and/or large debris that hits property with such energy and force that it causes a sudden and violent breaking apart of the property with a loud noise upon impact constitutes an "explosion" and thus a specifically recognized exception to the general "water" and/or "earth movement" exclusions contained in the Policy.

19. The subject water and/or large debris and resultant/ensuing explosion caused (without limitation) catastrophic damage to the Property and its contents, as well as damages related to: (a) cleanup, debris removal, and earthwork costs, (b) construction costs associated with the investigation, redesign, and rebuilding process; (c) professional fees associated with the investigation, redesign, and rebuilding process; (d) loss of use/rental value; (e) lost income/rent; and (f) lost income/rent earning capacity.

20. Plaintiff submitted a claim under the Policy to Defendant on or about September 16, 2013.

21. Defendant subsequently sent a claims adjustor to the Property on or about September 17, 2013, to conduct an inspection of the Property.

22. Plaintiff was present for Defendant's claims adjustor's inspection of the Property.

23. Upon information and belief, Defendant's claims adjustor's inspection of the Property lasted twenty minutes or less.

24. Defendant denied Plaintiff's claim on or about September 18, 2013, less than twenty-four hours after inspecting the Property.

25. On or about October 24, 2013, Plaintiff sent Defendant a letter containing additional facts and legal analysis supporting its position that: (a) the subject water lost its character as "flood" and/or "surface water" because it was diverted by man-made diversions from its regular flow and prevented by man-made diversions from natural percolation and drainage, and as such the property damage caused thereby does not fit within the general "water" exclusion contained in the Policy and is covered under the Policy; and (b) the resultant/ensuing explosion constitutes a specifically recognized exception to the general "water" and/or "earth movement" exclusions contained in the Policy, and as such the property damage caused thereby is covered under the Policy.

26. On or about November 15, 2013, Defendant sent a retained contractor/engineer from Rimkus Consulting Group, Inc. to inspect the Property.

27. The results of the inspection conducted by Rimkus Consulting Group, Inc. were not and have never been provided to Plaintiff.

28. Defendant failed to formally respond in writing to the coverage analysis that was contained in Plaintiff's letter dated October 24, 2013, or otherwise specifically address the additional facts and legal presentation supporting coverage that were contained therein.

29. On or about December 30, 2013, Plaintiff followed up with Defendant to determine the status of its claim, and to determine the status of Defendant's formal, written response to the coverage analysis that was contained in Plaintiff's letter dated October 24, 2013.

30. Defendant failed to formally respond in writing to the coverage analysis that was contained in Plaintiff's letter dated October 24, 2013, or to Plaintiff's follow up letter dated December 30, 2013, or otherwise specifically address the additional facts and legal presentation supporting coverage that were contained therein.

31. On or about January 30, 2014, Plaintiff followed up with Defendant again to provide updated information regarding Plaintiff's damages, to determine the status of its claim, and to determine the status of Defendant's formal, written response to the coverage analysis that was contained in Plaintiff's letter dated October 24, 2013, and to Plaintiff's follow up letter dated December 30, 2013.

32. As of the date of the filing of this Complaint and Jury Demand, Defendant has failed to formally respond in writing to the coverage analysis that was contained in Plaintiff's letter dated October 24, 2013, or to Plaintiff's follow up letters dated December 30, 2013 and January 30, 2014, respectively, or otherwise specifically address the additional facts and legal presentation supporting coverage that were contained therein.

## V.   CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### Declaratory Judgment

All prior and subsequent allegations are incorporated herein.

33. Defendant issued the Policy to Plaintiff.

34. On or about September 12, 2013, Plaintiff suffered property damage while the Policy was in effect.

35. Under the terms and conditions of the Policy, there is coverage for the foregoing property damage and other losses.

36. Plaintiff performed and continues to perform under the Policy, and complied with all conditions precedent to coverage.

37. Plaintiff seeks a declaration pursuant to C.R.S. § 13-51-105 and C.R.C.P. 57 as to the extent of Defendant's obligation to provide coverage to Plaintiff under the Policy for the foregoing property damage and other losses.

## SECOND CLAIM FOR RELIEF
### Breach of Insurance Contract

All prior and subsequent allegations are incorporated herein.

38. The Policy is a valid and binding contract.

39. Plaintiff performed and continues to perform under the Policy, and has complied with all conditions precedent to coverage.

40. Defendant failed to perform under the Policy, in that it failed to provide coverage for the foregoing property damage and other losses.

41. Defendant's failure to perform under the Policy constitutes breach of insurance contract.

42. As a result of Defendant's breach of insurance contract, Plaintiff has been damaged in an amount to be determined by the trier of fact.

## THIRD CLAIM FOR RELIEF
### Common Law Bad Faith and Willful and Wanton Breach of Insurance Contract

All prior and subsequent allegations are incorporated herein.

43. Defendant owes Plaintiff a duty of good faith and fair dealing.

44. Defendant breached its duty of good faith and fair dealing when it acted unreasonably in delaying and/or denying coverage to Plaintiff.

45. Defendant knew that its conduct was unreasonable and/or recklessly disregarded the fact that its conduct was unreasonable.

46. Defendant's failures constitute bad faith and willful and wanton breach of insurance contract at common law, including but not limited to as codified under C.R.S. § 1113(1).

47. Defendant's failures also constitute unfair claim settlement practices at common law, including but not limited to as codified under:

    a.    C.R.S. § 10-3-1104(h)(II), in that Defendant willfully failed to acknowledge and/or act reasonably promptly upon communications with respect to Plaintiff's claim arising under the Policy;

    b.    C.R.S. § 10-3-1104(h)(III), in that Defendant willfully failed to adopt and/or implement reasonable standards for the prompt investigation of Plaintiff's claim arising under the Policy;

    c.    C.R.S. § 10-3-1104(h)(IV), in that Defendant willfully refused to pay Plaintiff's claim without conducting a reasonable investigation based upon all available information;

    d.    C.R.S. § 10-3-1104(h)(VI), in that Defendant willfully did not attempt in good faith to effectuate a prompt, fair, or equitable settlement of Plaintiff's claim under circumstances where liability has become reasonably clear;

    e.    C.R.S. § 10-3-1104(h)(VII), in that Defendant willfully compelled Plaintiff to institute litigation to recover amounts due under the Policy by offering substantially less than the amounts ultimately recovered in this action by Plaintiff; and

    f.    C.R.S. § 10-3-1104(h)(XIV), in that Defendant willfully failed to promptly provide a reasonable explanation of the basis in the Policy in relation to the facts or applicable law for its denial of Plaintiff's claim or for its lack of an offer of a compromise settlement.

48.    As a result of Defendant's common law bad faith and willful and wanton breach of insurance contract, Plaintiff has been damaged in an amount to be determined by the trier of fact.

### FOURTH CLAIM FOR RELIEF
### Statutory Bad Faith Breach of Insurance Contract

All prior and subsequent allegations are incorporated herein.

49.    Defendant is in the business of insurance.

50. Defendant delayed and/or denied coverage to Plaintiff under the Policy without a reasonable basis for its delay and/or denial, in violation of C.R.S. § 10-3-1113 and other applicable Colorado law.

51. Pursuant to C.R.S. § 10-3-1116, Plaintiff is entitled to recover reasonable attorneys' fees, court costs, and an amount equal to two times the covered benefit under the Policy in addition to the covered benefit under the Policy.

WHEREFORE, Plaintiff respectfully prays for judgment in its favor and against Defendant on Plaintiff's claims for declaratory judgment, breach of insurance contract, common law bad faith and willful and wanton breach of insurance contract, and statutory bad faith breach of insurance contract. Plaintiff further requests that the Court enter judgment in its favor and against Defendant for damages in an amount to be determined by the trier of fact, for all damages allowed pursuant to C.R.S. § 10-3-1116, for all reasonable attorneys' fees and costs, for pre- and post-judgment interest at the highest allowable rate, and for such other and further relief that the Court deems just and appropriate.

PLAINTIFF DEMANDS A TRIAL BY JURY.

Nothing contained herein or in any prior communication is intended to waive any rights, claims or defenses allowed by law, and all such rights, claims, and defenses are hereby expressly reserved.

Respectfully submitted this 26th day of February, 2014.

BERG HILL GREENLEAF & RUSCITTI LLP

*[Pursuant to Rule 121, the signed original is on file at Berg Hill Greenleaf & Ruscitti LLP]*

*s/ George V. Berg, Jr.*

George V. Berg, Jr.
Kathleen T. Alt
Justin C. Berg
*Attorneys for Plaintiff*

Plaintiff's address:
100 Arapahoe Avenue, Lot 1
Boulder, Colorado 80302