**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Chief Judge Marcia S. Krieger**

Civil Action No. 14-cv-01190-MSK-BNB

**PAROS PROPERTIES LLC, a Colorado limited liability company,**

**Plaintiff,**

v.

**COLORADO CASUALTY INSURANCE COMPANY, a New Hampshire corporation,**

**Defendant.**

---

**OPINION AND ORDER DENYING
MOTION TO REMAND**

---

**THIS MATTER** comes before the Court on the Plaintiff Paros Properties LLC's Motion to Remand **(#18)** this case to the Colorado District Court for Boulder County. The Defendant Colorado Casualty Insurance Company filed a Response **(#23)** to the motion, and the Plaintiff replied **(#24)**.

## I. Background

The Plaintiff commenced this action on February 26, 2014, in the Colorado District Court for Boulder County, asserting denial of insurance coverage for property damage incurred during a flood event in September 2013. The complaint **(#5)** asserts claims for breach of contract, bad faith breach of contract, and statutory bad faith breach under C.R.S. § 10-3-1116. The Defendant was served with process the same day.

On April 28, 2014, the Defendant removed the case to this Court pursuant to 28 U.S.C. §§ 1441 and 1446. In the notice of removal **(#1)**, the Defendant asserts that this Court can exercise jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332. The Defendant

1

acknowledges that removal was made outside the 30-day time period permitted under 28 U.S.C.

§ 1446(b).  It asserts, however, that the action was not removable based on the initial complaint

because there were no allegations confirming the amount in controversy.  The Defendant alleges

that the action did not first become removable until April 25, 2014, when the Plaintiff served its

first supplemental disclosures, declaring "for the first time" that it seeks damages in an amount

exceeding $75,000.

The Plaintiff moves to remand the case to the Colorado District Court.  The Plaintiff does

not dispute that the Court has original jurisdiction under § 1332 — that is, that complete

diversity exists between the parties and that the actual amount in controversy exceeds the

statutory minimum of $75,000.  Rather, the Plaintiff raises a technical objection, arguing that the

case should be remanded because the Defendant's Notice of Removal was untimely under

§1446(b).

## II.  Analysis

Section 1446(b)(1) requires that a notice of removal be filed within 30 days after the

defendant is served with the complaint.  However, if the allegations in the complaint do not state

that the case is removable, a notice of removal may be filed within 30 days after the defendant

receives an "amended pleading, motion, order or other paper from which it may first be

ascertained that the case is one which is or has become removable."  § 1446(b)(3).  Under

§1446(c)(3)(A), if the case as stated in the complaint is not removable solely because the amount

in controversy does not exceed $75,000, "information relating to the amount in controversy in

the record of the State proceeding, or in responses to discovery, shall be treated as an 'other

paper' under subsection (b)(3)."  The failure to comply with the statutory requirements of § 1446

render the removal "defective" and justify a remand.  *Huffman v. Saul Holdings Ltd.*

*Partnership*, 194 F.3d 1072, 1077 (10th Cir. 1999).

The Plaintiff argues that the removal is untimely, whether the 30-day time period is

measured from the service of the complaint or from the service of its supplemental disclosures.

As to the first option, the Plaintiff argues that the Defendant should have been able to ascertain

from the complaint that the amount in controversy exceeded $75,000 because the complaint

refers to a January 29, 2014, email where the Plaintiff provided to the Defendant an itemized

breakdown of approximately $1.3 million in damages.

The Court disagrees.  On its face, the complaint does not state that the case is removable

because the allegations do not confirm the amount in controversy.  There is no demand for a

specific sum of damages, and the only reference to a sum certain is the assertion that the "amount

in dispute is more than $15,000."  Although the complaint asserts a general factual allegation

that "[o]n or about January 30, 2014, Plaintiff followed up with Defendant again to provide

updated information regarding Plaintiff's damages," this allegation provides no quantification of

damages sought.  Thus, the case was not removable based on what was stated in the initial

complaint.

Because the complaint did not state the amount in controversy to permit removal, the

Court must determine when the Defendant received an "other paper" from which is could first

ascertain that the case was removable under § 1446(b).  The Plaintiff contends that the Defendant

could have "intelligently ascertained" that the case was removable at the time the complaint was

served because the Defendant was in possession of the January 29, 2014 email itemizing

damages.  The Defendant asserts that the email does not constitute an "other paper," and thus the

case was not removable until it received the Plaintiff's supplemental disclosures during discovery.

The Tenth Circuit has made clear that for the clock to being to run under § 1446(b), the notice must be "unequivocal."  *See Akin v. Ashland Chemical Co.*, 156 F.3d 1030, 1035 (10th Cir. 1998) (citing *DeBry v. Transamerica Corp.*, 601 F.2d 480, 489 (10th Cir. 1979)).  The term "ascertained" as used in § 1446(b) means a statement that "should not be ambiguous" or one which "requires an extensive investigation to determine the truth."  *Id.*  The Tenth Circuit has explained that the key to determining the date from which the clock beings to run is when the defendant is able to "intelligently ascertain removability."  *Id.*  This standard imposes no duty on the removing party to determine removability where the initial pleading indicates only that the right to remove *may* exist.  Rather, there must clear and unequivocal notice from the initial pleading, or a "subsequent 'other paper' such as an answer to an interrogatory."  *Id.*

Having reviewed the record, the Court finds that the notice of removal was timely.  The Plaintiff's argument that the Defendant could have "intelligently ascertained" the amount in controversy from the January 29, 2014 email is unpersuasive.  The email simply represents a pretrial communication between the parties that was not specifically referred to in the complaint. When the complaint was served, the Defendant was not under any obligation to investigate the facts that may have given rise to removability.  Rather, it was sufficient for the Defendant to wait until it received unequivocal notice from the Plaintiff during the course of the proceedings that the amount in controversy exceeded $75,000.  The Plaintiff does not dispute that the first time that its supplemental disclosures constitute the first exchange during the course of the proceedings where the amount in controversy was disclosed.  Thus, the Court finds that the 30-day time period did not begin to run until the supplemental disclosures were served on the

4

Defendant.  The record shows that the supplemental disclosures were served on April 25, 2014, and the notice of removal was filed on April 28, 2014.  Accordingly, the notice of removal was timely.

### III.  Conclusion

For the forgoing reasons, the Plaintiff's Motion to Remand (**#18**) is **DENIED**.

Dated this 24th day of June, 2014.

**BY THE COURT:**

Marcia S. Krieger
Chief United States District Judge